UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY BRAACK and RUTH BRAACK, husband and wife,

Plaintiffs,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

Defendant.

Case No. C07-5003RJB

ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER RE CONFIDENTIALITY OF HOME DEPOT DOCUMENTS

This matter comes before the court Defendant's Motion for Protective Order Re Confidentiality of Home Depot Documents. Dkt. 14. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On January 4, 2007, defendant Home Depot U.S.A., Inc. removed this case from Grays Harbor Superior Court to federal court, on the basis of diversity jurisdiction. The complaint alleges that plaintiff Gary Braack slipped on water that had accumulated on the floor in the lumber aisle at a Home Depot store in Aberdeen, Washington, and that, as a result of the fall, he sustained injuries.

On April 19, 2007, plaintiffs propounded interrogatories and requests for production to Home Depot, including the following:

REQUEST FOR PRODUCTION NO. D: Please provide copies of all written documents that set forth the policy or practice that the Aberdeen Home Depot store has had in place at any time with regard to inspecting its floors to discover substances or conditions that may be present that pose a

ORDER
Page - 1

    risk to its customers.

REQUEST FOR PRODUCTION NO. E: Please provide copies of all written documents that set forth the policies and practices in place at the Aberdeen Home Depot store at any time relating to cleaning of the floors t o remove water or other substances that may be present that pose a risk to customers.

REQUEST FOR PRODUCTION NO. O: Please produce a copy of any written safety or operations manual or document for the Aberdeen Home Depot Store that addresses customer safety and/or safety with regard to floor conditions at the store.

REQUEST FOR PRODUCTION NO. P: Please produce a copy of any written policy that the Aberdeen Home Depot Store has had at any time that addresses how employees at the store should deal with water leaks and/or water accumulations on the floor at the store.

REQUEST FOR PRODUCTION NO. Q: Please produce copies of any written policies or procedures that the Aberdeen Home Depot store has had at any time relating to (A) the inspection or maintenance of the floor in areas of the store used by customers; (b) customer safety in general; or (c) responding to instances of customers falling and/or being injured at the store.

Dkt. 14-2, Exh. C. Home Depot objected to these requests for production on the basis that they seek information that is highly proprietary, confidential, commercial in nature, and not meant for publication or distribution to members of the public and/or to Home Depot's competitors. *Id.* In its responses, however, Home Depot agreed that it would produce the documents requested after a protective order is entered. *Id.*

    In the requests for production, plaintiffs also requested "copies of all incident reports, incident statements, or other documents relating to any other person(s) who have been injured at the Aberdeen Home Depot store as a result of a fall inside the store." Dkt. 14-2, at 31.  Home Depot objected to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence; stated that this request "may violate the privacy rights of Home Depot customers by requesting personal or medical information not intended for disclosure to third parties;" stated that information regarding lawsuits is public information, available to plaintiffs through other means." Dkt. 14-2, at 31-32.

    Home Depot now requests that the court enter a protective order protecting the confidentiality of its standard operating procedures and incident reports.  Home Depot has limited this motion to whether the documents requested should be governed by a protective order, and stated that the "motion does not concern *the scope* of those discovery requests." Dkt. 14, at 2. *Emphasis in the original.*

    Home Depot contends that the information plaintiffs seek is highly proprietary, confidential, commercial in nature, and not meant for public dissemination and distribution.  Home Depot argues that a protective order should issue so that responses to plaintiffs' discovery requests will not be required, and

ORDER
Page - 2

because good cause exists to protect Home Depot's standard operating procedures which contain proprietary and commercial secrets that interested non-parties could use to the Home Depot's disadvantage.

Plaintiffs oppose Home Depot's motion for a protective order. Dkt. 18. Plaintiffs contend that (1) the policies and procedures they requested are relevant to their claims; (2) Home Depot has not shown good cause for obtaining a protective order because the documents at issue relate to basis operations of the Home Depot store; the policies and procedures contained in the documents requested are undoubtedly similar to policies and procedures used by numerous retailers throughout the country; the operations and safety policies and procedures are not trade secrets; and the incident reports regarding other customers or employees who have fallen at the Aberdeen Home Depot store are not trade secrets and do not contain any information of economic value to Home Depot. Dkt. 18.

In its reply, Home Depot requests that the declaration of Steen Bulzomi be stricken because it contains inadmissible hearsay, and is irrelevant, inflammatory and otherwise improper; that plaintiffs' response minimizes the time and energy expended by Home Depot to create its standard operating procedures; and any remaining question about the content of Home Depot's procedures can be resolved by *in camera* review. Dkt. 21.

## LEGAL STANDARD

Fed.R.Civ.P. 26(c) provides in relevant part as follows:

**(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(1)** that the disclosure or discovery not be had;

**(2)** that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

**(3)** that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

**(4)** that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

**(5)** that discovery be conducted with no one present except persons designated by the

    court;

    **(6)** that a deposition, after being sealed, be opened only by order of the court;

    **(7)** that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

    **(8)** that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

## DISCUSSION

  As a general rule, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. *See San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir.1999)("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where good cause is shown." ).

  In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc.,* 187 F.3d at 1102 (holding that to gain a protective order the party must make a particularized showing of good cause with respect to any individual document). If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3d Cir.1995).

  In a declaration in support of Home Depot's motion for a protective order, Christopher Kibler, Director of Safety for Home Depot, stated that (1) he is dedicated by the company to the assessment, testing, revision, and development of operating procedures and merchandising safety standards to provide the company's customers with a safe shopping environment; (2) Home Depot's investment in the development, promulgation, documentation, and revision of its standard operating procedures relating to merchandising safety is substantial; (3) before any standard or procedure is promulgated or revised, it is researched, generally tested, and assessed at significant expense to the company; (4) these standard

ORDER
Page - 4

operating procedures are proprietary to Home Depot and have been developed solely by Home Depot through years of assessment and testing; (5) the company does not publicly disseminate its operating procedures nor are its operating procedures shared through industry forums; (5) if these written procedures were to be publicly disseminated, they would have value to competitors of Home Depot who could selectively integrate the company's operating procedures into their own business without incurring the expense associated with maintaining the positions of the company's asset protection employees. Dkt. 14-3, at 1-3.

Home Depot objects to the declaration of Steven Bulzomi, who stated that, in a case he had had against Home Depot, Home Depot provided its policies and procedures after he agreed to confidentiality of the documents; that the materials provided consisted of commonsense rules and regulations devoted to store cleanliness and customer safety; and that these materials were similar to operating manuals he had routinely received in discovery in numerous other cases without a protective order. Dkt. 19-2. In this case, however, the materials requested by plaintiffs during the discovery process are not before the court. Ms. Bulzomi's declaration is not relevant to the particular documents at issue here. Accordingly, the declaration was not considered in this ruling on the motion for a protective order.

Home Depot has not made a particularized showing sufficient to establish good cause for issuing a broad protective order of the nature requested in this motion. Home Depot maintains that a protective order will obviate the need for providing responses and/or objections to plaintiffs' requests. That is not a sufficient reason for involving the court in an attempt to protect information from the public. Discovery should involve discussion and negotiation regarding seeking and providing information that is relevant to the claim or defense of a party. If a party requests a policy or procedure that the producing party believes will result in specific prejudice or harm in the absence of a protective order, the producing party must articulate the specific prejudice or harm in order to obtain a protective order. Here, Home Depot has made a generalized claim that disclosure of its policies and procedures will result in harm if the public obtains access to them. That harm could apply to all businesses that develop policies and procedures. If the court were to issue a protective order based upon such a generalized showing, the general principle of open access that underlies the judicial system would be eviscerated. Further, Home Depot has not shown good cause for issuing a protective order with regard to incident reports of other customers or employees who

1 have fallen at the Aberdeen Home Depot store.

2 Plaintiffs contend that they have made a sufficient showing that the documents requested are
3 relevant to the claims at issue in this case; this contention is beyond the scope of this motion. This motion
4 requests only that the court enter a protective order. Home Depot has not shown good cause for issuance
5 of a protective order. The parties may, of course, agree on confidentiality among themselves, without a
6 protective order issued by the court.

7 Therefore, it is hereby

8 **ORDERED** that Defendant's Motion for Protective Order Re Confidentiality of Home Depot
9 Documents (Dkt. 14) is **DENIED WITHOUT PREJUDICE**.

10 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
11 party appearing *pro se* at said party's last known address.

12 DATED this 23rd day of July, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge