UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY BRAACK and RUTH BRAACK, husband and wife,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

    Defendant.

Case No. C07-5003RJB

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND UNDER FRCP 15(a)

    This matter comes before the court Plaintiffs' Motion for Leave to Amend Complaint under FRCP 15(a). Dkt. 16. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

    On January 4, 2007, defendant Home Depot U.S.A., Inc. removed this case from Grays Harbor Superior Court to federal court, on the basis of diversity jurisdiction. The complaint alleges that plaintiff Gary Braack slipped on water that had accumulated on the floor in the lumber aisle at a Home Depot store in Aberdeen, Washington, and that, as a result of the fall, he sustained injuries. Dkt. 1-3. The complaint alleged that the water on the floor was caused by leakage through the roof. Dkt. 1-3, at 8.

    On July 10, 2007, plaintiffs filed a motion for leave to file an amended complaint. Dkt. 16. Plaintiffs stated that they wish to allege as an additional theory of liability that water accumulated on the floor from wet lumber carts that were brought into the store by customers, and that Home Depot could have used flooring surfaces or finishes other than polished concrete that would have made the floor slip-

ORDER
Page - 1

resistant when wet. Dkt. 16-2, at 2-4.  Plaintiffs stated that they requested that Home Depot stipulate to the proposed amended complaint, but that Home Depot did not agree to the request.

Defendants oppose plaintiff's motion to amend the complaint, contending that the proposed amended complains does not add any additional theory of liability; that the original complaint accomplishes the necessary purposes of notice pleading; and that it would be a waste of time and resources for Home Depot to have to answer the amended complaint.  Dkt. 20.

## LEGAL STANDARD

Fed.R.Civ.P. 15(a) provides in relevant part as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

## DISCUSSION

Home Depot does not argue that amendment would be futile or that there would be undue prejudice to it if plaintiffs were permitted to file the amended complaint.  Home Depot contends that amendment of the complaint is unnecessary and that it would be a waste of time and resources to have to file an answer to the amended complaint.

It is difficult to understand why Home Depot opposes this motion.  The proposed amended complaint adds additional facts and an additional theory of liability.  It appears to the court that Home Depot would want to know the basis or bases upon which plaintiffs base their theory or theories of liability. The time spent opposing this motion could have been used to file an answer to the amended complaint. It is also difficult to understand why Home Depot did not stipulate to the filing of this amended complaint, or at the least, decline to oppose the filing of the amended complaint.  The court expects that the parties will conduct themselves in a professional and collegial manner, and that future decisions made and actions

taken by the parties in this case will be in the interest of just, speedy, and inexpensive determination of this action.  Fed.R.Civ.P. 1.

Plaintiffs' motion to file an amended complaint should be granted.

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint under FRCP 15(a) (Dkt. 16) is **GRANTED**.  The Amended Complaint (Dkt. 16-2) is **ACCEPTED AND FILED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of July, 2007.

_____
ROBERT J. BRYAN
United States District Judge